**PERI &STEWART, LLC**
Michael T. Stewart, Esq.
Identification No. 20501985
1 Passaic Avenue
Fairfield, NJ 07004
(973) 521-7426
Attorneys for Plaintiffs,
Endo Razors, LLC and
Walter Contaldi

-------------------------------------------------X

| | | |
|---|---|---|
| WALTER CONTALDI and | : | UNITED STATES DISTRICT COURT |
| ENDO RAZORS, LLC, d/b/a | : | |
| Half-Time Razors, | : | DISTRICT OF NEW JERSEY |
| | : | |
| Plaintiffs, | : | Newark Vicinage |
| | : | |
| vs. | : | |
| | : | CASE NO.: |
| CODY SCHMIDT, KEVIN SCHMIDT, | : | |
| SPEED RAZOR LLC, JOHN DOES 1-10, | : | CIVIL ACTION |
| JANE DOES 1-10 and DOE COMPANIES | : | |
| 1-10, | : | |
| | : | **COMPLAINT** |
| Defendants. | : | **AND JURY DEMAND** |

-------------------------------------------------X

Plaintiffs, ENDO RAZORS, LLC d/b/a Half-Time Razors and WALTER CONTALDI, by

and through their counsel, PERI & STEWART, LLC, as and for their Complaint against the

Defendants, KEVIN SCHMIDT, CODY SCHMIDT, SPEED RAZOR LLC, JOHN DOES 1-10,

JANE DOES 1-10 and DOE COMPANIES 1-10, respectfully allege as follows:

<u>The Parties</u>

1.      Plaintiff,   WALTER   CONTALDI   (hereinafter   referred   to   as

"Mr. Contaldi"), at all times relevant hereto, is an individual residing at 18 Pilgrim Drive, Clifton,

Passaic County, New Jersey 07013. During the normal business day, Mr. Contaldi is a service

technician for a utility and gas company.

2.     Plaintiff, ENDO RAZORS, LLC d/b/a HALF-TIME RAZORS, (hereinafter referred to as "Half-Time Razors"), at all times relevant hereto, is a New Jersey limited liability company with offices located at 18 Pilgrim Drive, Clifton, Passaic County, New Jersey 07013. Mr. Contaldi caused the formation of Endo Razors and is the sole member and officer of Endo Razors.

3.     Defendant, KEVIN SCHMIDT (hereinafter referred to as "Schmidt Senior") at all times relevant hereto is a New Jersey resident, residing at 600 Braen Avenue, Wyckoff, NJ 07481. Schmidt is the father of defendant, Cody Schmidt.

4.     Defendant, CODY SCHMIDT, a/k/a C. Majer Schmidt, a/k/a Cody Majer Schmidt (hereinafter referred to as "Schmidt Junior") at all times relevant hereto is a New Jersey resident, residing at 600 Braen Avenue, Wyckoff, NJ 07481. Upon information and belief, Schmidt Junior is approximately 22 years of age, attends college and is the son of Schmidt Senior.

5.     Defendant, SPEED RAZOR, LLC (hereinafter referred to as "Speed Razor") is a New Jersey limited liability company with offices located at 600 Braen Avenue, Wyckoff, NJ 07481. Speed Razor was formed by or on behalf of defendant, Schmidt Junior, on December 5, 2016. A true and complete of the State of New Jersey Department of the Treasury Division of Revenue and Enterprise Services Long Form Standing with Charter Documents of Speed Razor is attached hereto as Exhibit "A" and made a part hereof.

6.     Defendants, JOHN DOES 1-10, are male persons whose identities and addresses are presently unknown who are engaged in or otherwise supporting the actions complained of herein in cooperation with or on behalf of with defendants, Schmidt Senior, Schmidt Junior, Speed Razor, Jane Does 1-10 and/or Doe Companies 1-10.

2

7.      Defendants, JANE DOES 1-10, are female persons whose identities and addresses are presently unknown who are engaged in or otherwise supporting the actions complained of herein in cooperation with or on behalf of defendants, Schmidt Senior, Schmidt Junior, Speed Razor, John Does 1-10 and/or Doe Companies 1-10.

8.      Defendants, DOE COMPANIES 1-10, are corporate, limited liability or other business entities whose identities and addresses are presently unknown who are engaged in or otherwise supporting the actions complained of herein in cooperation with or on behalf of defendants, Schmidt Senior, Schmidt Junior, Speed Razor, John Does 1-10 and/or Jane Does 1-10, including without limitation, the promotion, marketing, distribution, suppliers and other sales and resales of razor products.

### Jurisdiction and Venue

9.      This action is for patent infringement under the Patent Laws of the United States of America, 35 U.S.C. §§1 *et seq.*, including 35 U.S.C. §271(a), (b), (c) and/or (f).

10.      This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a).

11.      This Court has supplemental jurisdiction under 28 U.S.C. §1367 over all other claims that are so related to the patent infringement claims in the action within such original jurisdiction that they form part of the same case or controversy.

12.      This Court is the proper venue for disposition of the instant matter because the Plaintiffs reside in or have offices located and conducts business in Passaic County, New Jersey. Venue is proper pursuant to 28 U.S.C. §§1391 and 1400 because, among other reasons,

Defendants are subject to personal jurisdiction and have committed acts of patent infringement in this judicial district.

13.     Defendants are doing business through their place of business located in Wyckoff, New Jersey and through the website, www.speedrazor.com. The Defendants are engaging in business throughout the State of New Jersey via internet advertising and websites which solicits orders for razor products and provides for the ordering of razor products which infringe upon the Design Patent throughout the State of New Jersey, including without limitation, Passaic County, which is subject to the jurisdiction of the Newark Vicinage. True and complete copies of screen shots of the web pages of www.speedrazor.com are attached hereto collectively as Exhibit "B" and made a part hereof.

### Facts Common to All Counts to the Complaint

14.     On or about March of 2000, Mr. Contaldi was losing his hair and decided that he would shave his head. When he utilized various shaving products then generally available to shave his head, he found them unsatisfactory.

15.     Mr. Contaldi determined that he would design a razor that he could easily use for shaving his head. In 2005, Mr. Contaldi started experimenting with cutting commercially available razors in half and reassembling them to fashion a razor that he could easily use to shave his head. After many attempts and modifications, he did, in fact, design a new razor concept. A true photograph of a representation of the initial prototype designs of the razor he envisioned is attached hereto as Exhibit "C" and made a part hereof.

16.     In or about January of 2015, Mr. Contaldi engaged patent counsel and a certain patent application we filed. Mr. Contaldi replaced said counsel on or about March of 2016.

At that time, a utility patent application was pending for the razor product he designed. In addition, a design patent for the razor product he designed was filed.

17.     Mr. Contaldi then took steps to develop and refine the design of the razor which he ultimately decided to call the "Half-Time Razor". In or about March or April of 2015, he then began the search for a machine shop to fabricate a mold for the production of Half-Time Razor. Mr. Contaldi located a manufacturer in New Jersey and paid for the development of a mold for the fabrication of the Half-Time Razor (the "Mold"), spending approximately $20,000.00 for the Mold. True photographs of the Mold is attached hereto as Exhibit "D" and made a part hereof.

18.     A number of refinements to the Mold were made based upon trial and error which resulted in the current design of the unique and distinctive razor handle.

19.     After the Mold was purchased and the design of the razor handle refined, significant efforts were made to locate a razor blade supplier.

20.     Mr. Contaldi engaged a company to develop packaging for the Half-Time Razor which was completed on or about August 16, 2016. True copies of the packaging developed for Half-Time Razors are attached hereto collectively as Exhibit "E" and made a part hereof.

21.     In or about August of 2016, Mr. Contaldi engaged a marketing company to develop his website (www.halftimerazors.com) and enhance and expand the sales and brand identity of his unique razor. True and complete copies of certain pages of the website used to promote and sell the Half-Time Razor are attached hereto collectively as Exhibit "F" and made a part hereof.

22.     From August of 2016 and through the date hereof, Mr. Contaldi also took various steps to market and sell Half-Time Razors which included:

(a)      In-person sales of the Half-Time Razor at flea markets and conventions;

(b)      Marketing and marketing of Half-Time Razors through participation in certain competitions. For example, in March of 2017, he received a Finalist Grant Challenge in the 1010 WINS competition; and

(c)      Discussing marketing of his razor products through YouTube promotions;

(d)      Promotion of his products through his participation in a national television competition that will give him national exposure to significant investors (the "National Competition");

(e)      Meeting with an international sports figure to discuss marketing and promotion of Half-Time Razors;

(f)      Undertaking other material efforts to sell and promote Half-Time Razors; and

(g)      Seeking investors and partners in connection with the development, sale and marketing of Half-Time Razors.

23.      On or about November of 2016, the Half-Time Razors website (www.halftimerazors.com) went live. True and complete copies of screenshots of the website, www.halftimerazors.com are attached hereto collectively as Exhibit "G" and made a part hereof.

### The Cody Schmidt/Kevin Schmidt/Speed Razor Misconduct

24.      On July 12, 2016, Mr. Contaldi met with Schmidt Senior at his offices located at 600 Braen Avenue, Wyckoff, NJ 07481 (hereinafter the "Schmidt Meeting"). He

initially met Schmidt Senior in Mr. Contaldi's capacity as an electricity line man in order to reconnect power to Schmidt Senior's place of business located in Wyckoff, New Jersey.

25.    Schmidt Senior and Mr. Contaldi struck up a conversation. Schmidt Senior explained that he was an inventor and began sharing his experiences regarding the challenges of inventing products and bringing them to market. The discussion evolved into Mr. Contaldi explaining the challenges he was facing with the development, marketing and sale of Half-Time Razors.

26.    In the discussions with Schmidt Senior, Mr. Contaldi told Schmidt Senior about the following issues:

   (a) How Mr. Contaldi came up with the idea of Half-Time Razors;

   (b) Mr. Contaldi told him about the specific and unique technical aspects and uses of Half-Time Razors and the Half-Time Razor design;

   (c) Mr. Contaldi advised him how head shaving was different from face shaving;

   (d) Mr. Contaldi shared with Schmidt Senior the Half-Time Razor business plan;

   (e) Mr. Contaldi shared with Schmidt Senior his razor sources;

   (f) Mr. Contaldi shared business intelligence with Schmidt Senior regarding the expiration of certain patents related to certain razor blades which might be otherwise competitive that he had acquired over an extensive period of time while pursuing the development of the Half-Time Razors project;

(g) Mr. Contaldi explained the reason for the design of the Half-Time Razor and the specific application of the Half-Time Razor;

(h) Mr. Contaldi explained how fair along with the process he was and noted he had the Mold created and advised him who had manufactured the Mold;

(i) Mr. Contaldi explained his concept of marketing through direct response marketing; and

(j) In addition, Mr. Contaldi left 25 samples of the Half-Time Razors with Schmidt Senior.

27.     In sum, Mr. Contaldi provided Schmidt Senior with virtually all information regarding his years-long research and experimentation in connection with Half-Time Razors.

28.     Schmidt Senior attempted to reach a contact he had by the name of "Andy Khubani". Schmidt Senior told Mr. Contaldi that Mr. Khubani had invented the "As Seen on TV" concept. When he attempted to telephone Mr. Khubani in his presence, Mr. Khubani's offices advised Schmidt Senior that he was in Japan.

29.     Schmidt Senior then said that he wanted to get back together because he may be interested in the Half-Time Razors product.

30.     Mr. Contaldi and Schmidt Senior executed a certain Nondisclosure Agreement dated as of July 12, 2016 (hereinafter referred to as the "Nondisclosure Agreement"). A true and complete copy of the Nondisclosure Agreement is attached hereto as Exhibit "H" and made a part hereof.

31.     Section 1 of the Nondisclosure Agreement states:

Purpose.  Disclosing Party wishes to disclose to Recipient Confidential Information as defined below for the purpose of discussing an opportunity for the development and manufacture of Endo Razors developed by Walter Contaldi, Endo Razors LLC based on the Confidential Information (the "Purpose").  In connection with this Purpose, Disclosing Party may disclose to Recipient certain Confidential Information that Disclosing Party desires Recipient to treat as confidential.

32.     Section 2 of the Nondisclosure Agreement states:

"Confidential Information" means any information disclosed to Recipient by Disclosing Party, either directly or indirectly in writing, orally or by inspection of tangible objects, including without limitation documents, ideas, prototypes, samples, research and development activities, technology, know-how, vendors, computer hardware and software, products, patient applications, formulae, schematics, renderings, drawings, business or marketing plans, trademarks, copyrights, product development plans, identification of customers, strategic partners and financial information.  Confidential Information shall not, however, include any information that Recipient can establish (i) was publicly known and made generally available in the public domain prior to the time of disclosure to Recipient by Disclosing Party; (ii) becomes publicly known and made generally available after disclosure to Recipient by Disclosing Party through no action or inaction of Recipient; or (iii) is in the possession of Recipient, without confidentiality restrictions, at the time of disclosure by Disclosing Party as shown by Recipient's files and records.

33.     Section 3 of the Nondisclosure Agreement states:

Non-use and Non-disclosure.  Recipient shall not use any Confidential Information for any purpose except to evaluate and engage in discussions concerning the Purpose.  Recipient agrees to manufacture Endo Razors only in connection with this Agreement and to refrain from using the Confidential Information in any unauthorized way, including, but not limited to, for the purposes of engaging in a competitive business, for undertaking sales of the Disclosing Party's or a competitive business products, or for advising, consulting or otherwise providing information to third parties who may be competitive with the Disclosing Party.  Recipient shall not disclose any Confidential Information to third parties or to Persons of Recipient, except to those Persons who are required to have the information in order to evaluate or engage in discussions concerning the Purpose without the prior written consent of the Disclosure Party in each instance.

34.     Subsequently, Schmidt Senior said to Mr. Contaldi, "Put the patent into a new company and you will get 10% of that company." Mr. Contaldi refused, advising him that such a position would give Schmidt Senior unfettered control over Mr. Contaldi's work and life-long project which was intended to provide funds for his wife and four (4) children.

35.     Schmidt Senior then said, forget about the patent. "I will give you 5% of the new company and you can show up once a month or so and get paid."

36.     Schmidt Senior also said that "we should write up a contract" and "we don't need lawyers for this."

37.     Schmidt Senior also stated, "If I was a scumbag, I would take this product and bury you in court."

38.     Schmidt Senior also stated, "If I change one thing, it was not patent infringement."

39.     At this juncture, Mr. Contaldi realized he was dealing with an unscrupulous and unsavory person and simply told Schmidt Senior that he would not do business with him.

40.     Upon information and belief, Schmidt Senior decided to form the defendant, Speed Razor, in December of 2016, and in a clumsy attempt to avoid the restrictions of the Nondisclosure Agreement, Schmidt Senior decided to put his college-aged son in harm's way by placing Schmidt Junior's name on the formation documents of Speed Razor.

41.     Upon information and belief, defendant, Schmidt Junior, agreed and conspired with Schmidt Senior to be the "front man" for Speed Razor when, in fact, Schmidt Senior provided or sourced all funding, know-how and contacts to Speed Razor.

42.     Upon information and belief, Schmidt Junior has no or virtually no experience in the razor blade business.

10

43.     Upon information and belief, Schmidt Junior has no or virtually no experience in any business, being only approximately 22 years old.

44.     Upon information and belief, Schmidt Senior, contacted the company which possessed the Mold and manufactures the proprietary design of the Half-Time Razor (the "Mold Manufacturer"). Schmidt Senior requested that the Mold Manufacture turnover the Mold to him. The representative of the Mold Manufacturer properly declined Schmidt Senior's request.

45.     Upon information and belief, Schmidt Senior, contacted the razor blade manufacturer with whom Endo Razors and Mr. Contaldi had a relationship (the "Razor Blade Source") in an attempt to procure a source for razor blades to be utilized in the Speed Razor Products.

46.     The Razor Blade Manufacturer has represented that it was not selling razor blades to Speed Razor.

47.     On or about August 13, 2017, plaintiffs discovered that Speed Razor had launched a website selling its products that replicate the Half-Time Razor. The website is www.speedrazor.com. (the "Infringing Website").

48.     In addition, the Infringing Website copies the following from the Half-Time Razor website:

(a) The same business model is utilized by Speed Razor;

(b) Similar images are utilized by Speed Razor;

(c) Speed Razor utilized the same image of the razor being held in hand as is found at www.halftimerazors.com;

(d) Speed Razor references that it is a "Head and Body shaver" as does the Half-Time Razor Website;

11

(e) Speed Razor offers free shipping

(f) Speed Razor references "Half the time" which appears in the Half-Time Razor Website and is a clear reference to the Half-Time Razor name;

(g) Speed Razor references "Shaving in half the time";

(h) Speed Razor states that it provides a "Closer shave than any other razor" which also appears in the Half-Time Razor Website;

(i) Speed Razor states that the you "Don't have to worry about dropping razor" which likewise appears in the Half-Time Razor Website;

(j) Speed Razor utilizes a video of the arms, head and legs which is precisely the same type of video utilized by Half-Time Razor;

(k) Speed Razor provides a 30-day refund (as does Half-Time Razor);

(l) Speed Razor references the "Ergonomic grip" as does the Half-Time Razor Website;

(m) Speed Razor states that "Stick razors can't find the right angle Save time Both directions two way action" which is the same as the Half-Time Razor Website;

(n) Speed Razor asserts that it is "Faster than any other razor" and provides the images of two of its products side-by-side (which is precisely the manner in which Half-Time Razor promotes its products on the Half-Time Razor Website); and

(o) Speed Razor utilizes the same color of the "Buy It Now" button as does Half-Time Razor.

49.     Defendants have converted the information, concepts and ideas of plaintiffs and moreover, they are so lazy or arrogant that they simply copied the presentation of the Half-Time Website.

50.     On August 15, 2017, correspondence was transmitted to each of the defendants, Schmidt Senior, Schmidt Junior and Speed Razors, directing them to cease and desist their wrongful conduct. A true and complete copy of said correspondence is attached hereto Exhibit "I" and made a part hereof.

51.     On August 15, 2017, correspondence was transmitted to defendant, Digital Marketing, a company which appears to have been engaged by defendants to promote the Speed Razor Products. A true and complete copy of said correspondence is attached hereto as Exhibit "J" and made a part hereof.

52.     On or about August 18, 2017, correspondence dated August 16, 2017 was received from Richard M. Goldberg, Esq., acting as counsel for Speed Razor. A true and complete copy of said correspondence is attached hereto as Exhibit "K" and made a part hereof.

53.     On November 7, 2017, plaintiffs were issued design patent D802213, a true copy of which is attached hereto as Exhibit "L" and made a part hereof .

54.     Plaintiffs are suffering and will continue to suffer irreparable harm by the failure of defendants to cease and desist from marketing, producing and selling the Speed Razor Products in violation of the Nondisclosure Agreement and other applicable laws.

## FIRST COUNT

## (Violation of Design Patent)

55.     Plaintiffs repeat and reiterate the allegations contained in Paragraphs 1 through 54 of the Complaint as if fully set forth at length herein.

13

56.     Walter Contaldi is the owner of the Design Patent and have the right to bring an action for infringement of the Design Patent.

57.     Defendants have infringed the Design Patent.

58.     Infringement of the Design Patent by the Defendants has injured and continues to injure Walter Contaldi and his business interest in Endo Razors.

**WHEREFORE**, the Plaintiffs, WALTER CONTALDI and ENDO RAZORS LLC, respectfully request judgment against the Defendants, KEVIN SCHMIDT, CODY SCHMIDT, SPEED RAZOR LLC, JANE DOES 1-10, JOHN DOES 1-10 and DOE COMPANIES 1-10., jointly and severally, as follows:

a.     Judgment that Defendants have each infringed the Design Patent;

b.     Defendants be directed to pay compensatory damages and punitive damages;

c.     Plaintiffs be awarded enhanced damages against Defendants for the willful infringement of the Design Patent pursuant to 35 U.S.C. §284;

d.     Defendants be directed to pay Plaintiffs attorneys' fees, costs, expert

e.     witness fees and all expenses incurred by Plaintiffs in connection with this action pursuant to 35 U.S.C. §285;

f.     Schmidt Senior be enjoined from providing any information relating or referring to Mr. Walter Contaldi, Endo Razors, LLC and/or Half-Time Razors to any third party, including without limitation, Speed Razor and/or Cody Schmidt;

g.     Defendants be enjoined from using any of Half-Time Razor's trade secrets, proprietary or confidential information;

14

h.      Defendants be enjoined from producing, marketing, selling, distributing, offering for sale or distribution any one or more of the Speed Razor Products, including without limitation, through the publication or dissemination of any information relating or refer to any Speed Razor Products by or through of www.speedrazor.com or any other website;

i.      Defendants be directed to provide an accounting for all sales of Speed Razor Products and thereafter promptly turnover of all proceeds of sales of any and all Speed Razor Products;

j.      Prejudgment and post-judgment interest; and

k.      Any other and further relief as the Court deems equitable and appropriate.

## SECOND COUNT

### (Breach of Nondisclosure Agreement as to Schmidt Senior)

59.     Plaintiffs repeat and reiterate the allegations contained Paragraphs 1 through 58 of the Complaint as if fully set forth at length herein.

60.     Defendant, Schmidt Senior, breached Section 2 of the Nondisclosure Agreement by either: (a) providing confidential and proprietary information and materials of plaintiffs to Schmidt Junior and Speed Razors or (b) directly using the confidential and proprietary information of plaintiffs.

61.     Defendant, Schmidt Senior, breached Section 3 of the Nondisclosure Agreement by either: (a) providing confidential and proprietary information and materials of plaintiffs to Schmidt Junior and Speed Razors to manufacture to engage in a competitive business or (b) directly using the confidential and proprietary information of plaintiffs to engage in a competitive business.

15

62.     Schmidt Senior's breach of the Nondisclosure Agreement threatens immediate and irreparable harm to Mr. Contaldi and Endor Razors.

63.     Mr. Contaldi and Endo Razors have no adequate remedy at law, and will continue to suffer immediate irreparable harm unless Schmidt Senior is enjoined as requested below.

64.     Greater injury will be inflicted on Mr. Contaldi and End Razors by the denial of the relief requested herein that will be included on Schmidt Senior by the granting of this relief.

65.     As a proximate result of the wrongful conduct of the defendants, plaintiffs, Mr. Contaldi and Endo Razors, have suffered and will continue to suffer material damages.

**WHEREFORE**, the Plaintiffs, WALTER CONTALDI and ENDO RAZORS LLC, respectfully request judgment against the Defendants, KEVIN SCHMIDT, CODY SCHMIDT, SPEED RAZOR LLC, JANE DOES 1-10, JOHN DOES 1-10 and DOE COMPANIES 1-10., jointly and severally, as follows:

a.     Defendants be directed to pay compensatory damages and punitive damages;

b.     Defendants be directed to pay pre-judgment and post-judgment interest;

c.     Schmidt Senior be enjoined from providing any information relating or referring to Mr. Walter Contaldi, Endo Razors, LLC and/or Half-Time Razors to any third party, including without limitation, Speed Razor and/or Cody Schmidt;

d.     Defendants be enjoined from using any of Half-Time Razor's trade secrets, proprietary or confidential information;

16

e.  Defendants be enjoined from producing, marketing, selling, distributing, offering for sale or distribution any one or more of the Speed Razor Products, including without limitation, through the publication or dissemination of any information relating or refer to any Speed Razor Products by or through of www.speedrazor.com, www.facebook.com or any other website;

f.  Defendants be directed to provide an accounting for all sales of Speed Razor Products and thereafter promptly turnover of all proceeds of sales of any and all Speed Razor Products;

g.  Defendants be directed to pay attorney's fees;

h.  Defendants be directed to pay costs of suit; and

i.  This Court order such other and further relief as the Court may deem just, proper and equitable.

## **THIRD COUNT**

**(Breach of Covenant of Good Faith and Fair Dealing as to Schmidt Senior)**

66.  Plaintiffs repeat and reiterate the allegations contained Paragraphs 1 through 65 of the Complaint as if fully set forth at length herein.

67.  Implicit in every contract in the State of New Jersey is a covenant of good faith and fair dealing.

68.  Defendants, Schmidt Senior and Speed Razor, breached said covenant.

69.  As a proximate result of the wrongful conduct of the defendants, plaintiffs, Mr. Contaldi and Endo Razors, have suffered material damages.

17

**WHEREFORE**, the Plaintiffs, WALTER CONTALDI and ENDO RAZORS LLC, respectfully request judgment against the Defendants, KEVIN SCHMIDT, CODY SCHMIDT, SPEED RAZOR LLC, JANE DOES 1-10, JOHN DOES 1-10 and DOE COMPANIES 1-10., jointly and severally, as follows:

a.  Defendants be directed to pay compensatory damages and punitive damages;

b.  Defendants be directed to pay pre-judgment and post-judgment interest;

c.  Schmidt Senior be enjoined from providing any information relating or referring to Mr. Walter Contaldi, Endo Razors, LLC and/or Half-Time Razors to any third party, including without limitation, Speed Razor and/or Cody Schmidt;

d.  Defendants be enjoined from using any of Half-Time Razor's trade secrets, proprietary or confidential information;

e.  Defendants be enjoined from producing, marketing, selling, distributing, offering for sale or distribution any one or more of the Speed Razor Products, including without limitation, through the publication or dissemination of any information relating or refer to any Speed Razor Products by or through any use of www.speedrazor.com, www.facebook.com, or any other website;

f.  Defendants be directed to provide an accounting for all sales of Speed Razor Products and thereafter promptly turnover of all proceeds of sales of any and all Speed Razor Products;

g.  Defendants be directed to pay attorney's fees;

18

h.  Defendants be directed to pay costs of suit; and

i.  This Court order such other and further relief as the Court may deem just, proper and equitable.

## FOURTH COUNT

### (Unfair Competition as to Schmidt Senior, Schmidt Junior, Digital Target, John Does 1-10, Jane Does 1-10 and Doe Companies 1-10 )

70. Plaintiffs, Mr. Contaldi and Endor Razors, repeat and reiterate the allegations contained in Paragraphs 1 through 69 as if fully set forth at length herein.

71. Prior to entering into the Nondisclosure Agreement and throughout the course of the meetings between Schmidt Senior and Mr. Contaldi and the exchange of proprietary information pursuant to the terms of the Nondisclosure Agreement, it was Schmidt Senior's intention to acquire the intellectual property and processes of Mr. Contaldi and Endo Razors.

72. Schmidt Senior, Schmidt Junior, and Speed Razor are in direct competition with Endo Razor and Mr. Contaldi with respect to the sale, fabrication and marketing of razor products.

73. Schmidt Senior and in addition, by and through Schmidt Senior, Schmidt Junior, Speed Razor, Digital Target, John Does 1-10, Jane Does 1-10 and Doe Companies 1-10, were given or received substantial confidential and proprietary information by Mr. Contaldi and Endo Razors in connection with the design, vendor sources, manufacturing sources and marketing and business concepts. By way of illustration and not limitation, Mr. Contaldi advised Schmidt Senior of: the identity of the Mold Fabricator, manufacturing resources, customer targets, business strategies/plans, patent applications status, and other confidential and proprietary information.

19

74. The actions of Schmidt Senior, Schmidt Junior, Speed Razor, John Does 1-10, Jane Does 1-10 and Doe Companies 1-10, demonstrate their intention to improperly and unlawfully acquire and utilize the confidential and proprietary information of Mr. Contaldi and Endo Razors to effectively destroy the business of Mr. Contaldi and Endo Razors.

75. Schmidt Senior, Schmidt Junior, Speed Razor, John Does 1-10, Jane Does 1-10 and Doe Companies 1-10 conspired to induce plaintiff, Mr. Contaldi, to enter into the Nondisclosure Agreement and to subsequently take the actions aforesaid.

76. The conduct of Schmidt Senior, Schmidt Junior, Speed Razor, John Does 1-10, Jane Does 1-10 and Doe Companies 1-10 is unethical, improper and otherwise constitutes unfair competition.

77. The conduct of the defendants was intentional and was done in willful and wanton disregard of the rights of plaintiffs, Mr. Contaldi and Endo Razors.

78. As a proximate result of the wrongful conduct of the defendants, plaintiffs, Mr. Contaldi and Endo Razors, have suffered material damages.

**WHEREFORE**, the Plaintiffs, WALTER CONTALDI and ENDO RAZORS LLC, respectfully request judgment against the Defendants, KEVIN SCHMIDT, CODY SCHMIDT, SPEED RAZOR LLC, JANE DOES 1-10, JOHN DOES 1-10 and DOE COMPANIES 1-10., jointly and severally, as follows:

a. Defendants be directed to pay compensatory damages and punitive damages;

b. Defendants be directed to pay pre-judgment and post-judgment interest;

c. Schmidt Senior be enjoined from providing any information relating or referring to Mr. Walter Contaldi, Endo Razors, LLC and/or Half-Time

20

Razors to any third party, including without limitation, Speed Razor and/or Cody Schmidt;

d.  Defendants be enjoined from using any of Half-Time Razor's trade secrets, proprietary or confidential information;

e.  Defendants be enjoined from producing, marketing, selling, distributing, offering for sale or distribution any one or more of the Speed Razor Products, including without limitation, through the publication or dissemination of any information relating or refer to any Speed Razor Products by or through of www.speedrazor.com, www.facebook.com, or any other website;

f.  Defendants be directed to provide an accounting for all sales of Speed Razor Products and thereafter promptly turnover of all proceeds of sales of any and all Speed Razor Products;

g.  Defendants be directed to pay attorney's fees;

h.  Defendants be directed to pay costs of suit; and

i.  This Court order such other and further relief as the Court may deem just, proper and equitable.

## FIFTH COUNT

### (Conversion as to Schmidt Senior, Schmidt Junior, Speed Razor, John Does 1-10, Jane Does 1-10 and Doe Companies 1-10)

79.  Plaintiffs repeat and reiterate the allegations contained in Paragraphs 1 through 77 of the Complaint as if fully set forth at length herein.

80.  Defendants, Schmidt Senior, Schmidt Junior, Speed Razor, John Does 1-10, Jane Does 1-10 and Doe Companies 1-10, have exercised dominion and control over the intellectual property of Mr. Contaldi and Endo Razors and utilized same for their respective individual benefit, specifically converting the trade dress and design of the Half-Time Razor as well as the content of the Half-Time Razor website.

81.  As a proximate result of the wrongful conduct of the defendants, plaintiffs, Mr. Contaldi and Endo Razors, have suffered material damages.

**WHEREFORE**, the Plaintiffs, WALTER CONTALDI and ENDO RAZORS LLC, respectfully request judgment against the Defendants, KEVIN SCHMIDT, CODY SCHMIDT, SPEED RAZOR LLC, JANE DOES 1-10, JOHN DOES 1-10 and DOE COMPANIES 1-10., jointly and severally, as follows:

a.   Defendants be directed to pay compensatory damages and punitive damages;

b.   Defendants be directed to pay pre-judgment and post-judgment interest;

c.   Schmidt Senior be enjoined from providing any information relating or referring to Mr. Walter Contaldi, Endo Razors, LLC and/or Half-Time Razors to any third party, including without limitation, Speed Razor and/or Cody Schmidt;

d.   Defendants be enjoined from using any of Half-Time Razor's trade secrets, proprietary or confidential information;

e.   Defendants be enjoined from producing, marketing, selling, distributing, offering for sale or distribution any one or more of the Speed Razor Products, including without limitation, through the publication or

22

dissemination of any information relating or refer to any Speed Razor Products by or through of www.speedrazor.com, www.facebook.com or any other website;

f.      Defendants be directed to provide an accounting for all sales of Speed Razor Products and thereafter promptly turnover of all proceeds of sales of any and all Speed Razor Products;

g.      Defendants be directed to pay attorney's fees;

h.      Defendants be directed to pay costs of suit; and

i.      This Court order such other and further relief as the Court may deem just, proper and equitable.

## SIXTH COUNT

**(Misappropriation of Trade Secrets – N.J.S.A. 56:15-1 et seq. as to Schmidt Senior, Schmidt Junior, Speed Razor, John Does 1-10, Jane Does 1-10, Doe Companies 1-10)**

82.  Plaintiffs repeat and reiterate the allegations contained in Paragraphs 1 through 81 of the Complaint as if fully set forth at length herein.

83.  Defendant, Schmidt Senior, willfully and intentionally misappropriated, disclosed and utilized the trade secrets of Mr. Contaldi and Endo Razors by *inter alia* his breach of the Nondisclosure Agreement. Without limitation, Schmidt Senior disclosed the trade secrets of Mr. Contaldi and Endo Razors to Schmidt Junior, Speed Razor, Digital Target, John Does 1-10, Jane Does 1-10 and Doe Companies 1-10.

84.  Defendants, Schmidt Junior, Speed Razor, Digital Target, John Does 1-10, Jane Does 1-10 and Doe Companies 1-10, willfully and intentionally misappropriated the trade secrets of Mr. Contaldi and Endo Razors by *inter alia* their inducing a breach of an express or

implied duty of Schmidt Senior to maintain the secrecy of and limit the use or disclosure of the trade secrets of Mr. Contaldi and Endo Razors as required by the Nondisclosure Agreement.

85. Plaintiffs, Mr. Contaldi and Endo Razors, have been damaged thereby.

**WHEREFORE**, the Plaintiffs, WALTER CONTALDI and ENDOR RAZORS LLC, respectfully request judgment against the Defendants, KEVIN SCHMIDT, CODY SCHMIDT, SPEED RAZOR LLC, JANE DOES 1-10, JOHN DOES 1-10 and DOE COMPANIES 1-10., jointly and severally, as follows:

a.  Defendants be directed to pay compensatory damages and punitive damages;

b.  Defendants be directed to pay pre-judgment and post-judgment interest;

c.  Schmidt Senior be enjoined from providing any information relating or referring to Mr. Walter Contaldi, Endo Razors, LLC and/or Half-Time Razors to any third party, including without limitation, Speed Razor and/or Cody Schmidt;

d.  Defendants be enjoined from using any of Half-Time Razor's trade secrets, proprietary or confidential information;

e.  Defendants be enjoined from producing, marketing, selling, distributing, offering for sale or distribution any one or more of the Speed Razor Products, including without limitation, through the publication or dissemination of any information relating or refer to any Speed Razor Products by or through of www.speedrazor.com, www.facebook.com or any other website;

    f.      Defendants be directed to provide an accounting for all sales of Speed Razor

          Products and thereafter promptly turnover of all proceeds of sales of any

          and all Speed Razor Products;

    g.      Defendants be directed to pay attorney's fees;

    h.      Defendants be directed to pay costs of suit; and

    i.      This Court order such other and further relief as the Court may deem just,

          proper and equitable.

## SEVENTH COUNT

**(Tortious Interference with Prospective Contracts as to Schmidt Senior, Schmidt Junior, Speed Razor, John Does 1-10, Jane Does 1-10, Doe Companies 1-10)**

86.  Plaintiffs repeat and reiterate the allegations contained in Paragraphs 1 through 85 of the Complaint as if fully set forth at length herein.

87.  Defendants intentionally and improperly interfered with the prospective contractual relations between Plaintiffs and third parties.

88.  Plaintiffs, Mr. Contaldi and Endo Razors, have been damaged thereby.

**WHEREFORE**, the Plaintiffs, WALTER CONTALDI and ENDO RAZORS LLC, respectfully request judgment against the Defendants, KEVIN SCHMIDT, CODY SCHMIDT, SPEED RAZOR LLC, JANE DOES 1-10, JOHN DOES 1-10 and DOE COMPANIES 1-10., jointly and severally, as follows:

    a.      Defendants be directed to pay compensatory damages and punitive

          damages;

    b.      Defendants be directed to pay pre-judgment and post-judgment interest;

c.    Schmidt Senior be enjoined from providing any information relating or referring to Mr. Walter Contaldi, Endo Razors, LLC and/or Half-Time Razors to any third party, including without limitation, Speed Razor and/or Cody Schmidt;

d.    Defendants be enjoined from using any of Half-Time Razor's trade secrets, proprietary or confidential information;

e.    Defendants be enjoined from producing, marketing, selling, distributing, offering for sale or distribution any one or more of the Speed Razor Products, including without limitation, through the publication or dissemination of any information relating or refer to any Speed Razor Products by or through of www.speedrazor.com or any other website;

f.    Defendants be directed to provide an accounting for all sales of Speed Razor Products and thereafter promptly turnover of all proceeds of sales of any and all Speed Razor Products;

g.    Defendants be directed to pay attorney's fees;

h.    Defendants be directed to pay costs of suit; and

i.    This Court order such other and further relief as the Court may deem just, proper and equitable.

## EIGHTH COUNT

**(Unjust Enrichment as to Schmidt Senior, Schmidt Junior, Speed Razor, John Does 1-10, Jane Does 1-10, Doe Companies 1-10)**

89.  Plaintiffs repeat and reiterate the allegations contained in Paragraphs 1 through 88 of the Complaint as if fully set forth at length herein.

90. As a result of the aforesaid conduct, Defendants have been unjustly enriched.

91. Plaintiffs, Mr. Contaldi and Endor Razors, have been damaged thereby.

**WHEREFORE**, the Plaintiffs, WALTER CONTALDI and ENDO RAZORS LLC, respectfully request judgment against the Defendants, KEVIN SCHMIDT, CODY SCHMIDT, SPEED RAZOR LLC, JANE DOES 1-10, JOHN DOES 1-10 and DOE COMPANIES 1-10., jointly and severally, as follows:

a.   Defendants be directed to pay compensatory damages and punitive damages;

b.   Defendants be directed to pay pre-judgment and post-judgment interest;

c.   Schmidt Senior be enjoined from providing any information relating or referring to Mr. Walter Contaldi, Endo Razors, LLC and/or Half-Time Razors to any third party, including without limitation, Speed Razor and/or Cody Schmidt;

d.   Defendants be enjoined from using any of Half-Time Razor's trade secrets, proprietary or confidential information;

e.   Defendants be enjoined from producing, marketing, selling, distributing, offering for sale or distribution any one or more of the Speed Razor Products, including without limitation, through the publication or dissemination of any information relating or refer to any Speed Razor Products by or through of www.speedrazor.com or any other website;

    f.      Defendants be directed to provide an accounting for all sales of Speed Razor

             Products and thereafter promptly turnover of all proceeds of sales of any

             and all Speed Razor Products;

    g.      Defendants be directed to pay attorney's fees;

    h.      Defendants be directed to pay costs of suit; and

    fi      This Court order such other and further relief as the Court may deem just,

             proper and equitable.

**PERI & STEWART, LLC**
Attorneys for Plaintiffs, Walter Contaldi
and Endo Razors, LLC

Dated: December 21, 2017          By: _____
                              Michael T. Stewart, Esq.

## DEMAND FOR JURY TRIAL

    Plaintiffs hereby demand a trial by jury as to all issues so triable.

**PERI & STEWART, LLC**
Attorneys for Plaintiffs, Walter Contaldi
and Endo Razors, LLC

Dated: December 21, 2017          By: _____
                              Michael T. Stewart, Esq.