NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALTER CONTALDI, *et al.*, | CIVIL ACTION NO. 17-13508 (JLL) |
| Plaintiffs, | **OPINION & ORDER** |
| v. | |
| CODY SCHMIDT, *et al.*, | |
| Defendants. | |

**LINARES**, Chief District Judge

**IT APPEARING THAT:**

1. Pending before the Court is a motion to dismiss the complaint by the three defendants listed in the caption, *i.e.*, Cody Schmidt, Kevin Schmidt, and Speed Razor LLC. (ECF No. 7 through ECF No. 7-2; ECF No. 11; ECF No. 11-1.) The two plaintiffs, Walter Contaldi and Endo Razors, LLC (hereinafter, "ERLLC"), oppose the motion. (ECF No. 8.) The Court resolves the motion to dismiss upon a review of the papers and without oral argument. *See* L. Civ. R. 78.1(b). For the following reasons, the motion is granted, but the plaintiffs are given leave to file an amended complaint by April 19, 2018.[1]

---

[1] The defendants' reply brief includes a heading entitled, "**B. DEFENDANTS MOTION TO DISMISS IS INAPPLICABLE.**" (ECF No. 11 at 3.) The Court assumes that this is a typographical error.

2.      The plaintiffs allege that Contaldi, who is the sole member of ERLLC, developed a design for a razor (hereinafter, "the Razor") that features a unique handle to make it easier for a man to shave his own head. (ECF No. 1 at 1–5.) The plaintiffs further allege that: (a) Contaldi discussed the formation of a business venture to produce and sell the Razor with the defendant Kevin Schmidt, but the venture did not come to fruition; (b) Kevin Schmidt, in conjunction with the defendants Cody Schmidt and Speed Razor LLC, began selling the Razor in August 2017 without Contaldi's permission; (c) the United States Patent and Trademark Office (hereinafter, "the USPTO") issued a patent for the Razor (hereinafter, "the Design Patent") to Contaldi three months later in November 2017; and (d) the defendants are now infringing the Design Patent. (ECF No. 1 at 6–13; *see also* ECF No. 1-7 at 25 (the USPTO Issue Notification of Design Patent D802213).)[2]

3.      In December 2017, one month after the USPTO issued the Design Patent, the plaintiffs brought this action. (ECF No. 1.) The Court notes that even though the plaintiffs identify the Design Patent in the complaint, they have not annexed a copy of the

---

[2]    The plaintiffs have set forth the following disjointed allegations concerning when the underlying application for the Design Patent was filed with the USPTO:

> In or about January of 2015, Mr. Contaldi engaged patent counsel and a certain patent application we [*sic*] filed. Mr. Contaldi replaced said counsel on or about March of 2016. At that time, a utility patent application was pending for the razor product he designed. In addition, a design patent for the razor product he designed was filed.

(*See* ECF No. 1 at 4–5.)

Design Patent as an exhibit thereto or to their opposition brief for the Court's reference. (*See generally* ECF No. 1 through ECF No. 1-10 (the complaint and all supporting exhibits); ECF No. 8 (the plaintiffs' brief in opposition to the defendants' motion to dismiss).)

4. The plaintiffs assert one count apparently pursuant to federal law "for infringement of the Design Patent" (hereinafter, "the Sole Patent Count"). (ECF No. 1 at 13–15.) The following is the extent of the plaintiffs' allegations of liability against the defendants in that count:

> 56. Walter Contaldi is the owner of the Design Patent and have [*sic*] the right to bring an action for infringement of the Design Patent.
>
> 57. Defendants have infringed the Design Patent.
>
> 58. Infringement of the Design Patent by the Defendants has injured and continues to injure Walter Contaldi and his business interest in Endo Razors.

(*Id.* at 14.)

5. The plaintiffs also assert seven counts pursuant to state law (hereinafter, "the State Law Counts"), *i.e.*, breach of a nondisclosure agreement, breach of the covenant of good faith and fair dealing, unfair competition, conversion, misappropriation of trade secrets, tortious interference, and unjust enrichment. (*Id.* at 16–28.) The Court notes that the counts for unfair competition and misappropriation of trade secrets contain allegations against an entity named "Digital Target" that the plaintiffs have neither listed in the caption nor set forth in the introductory recitation of the defendants' names in the complaint. (*See id.* at 19, 23.)

3

6. The Court arguably possesses subject-matter jurisdiction based upon the federal question presented in the Sole Patent Count. *See* 35 U.S.C. § 271; *see also* 28 U.S.C. § 1331. Complete diversity of citizenship is not present in this case, and thus the Court lacks diversity jurisdiction here. *See* 28 U.S.C. § 1332.

7. The defendants now argue that the Sole Patent Count should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because the plaintiffs have failed to specifically allege whether they are proceeding under a theory of direct infringement pursuant to 35 U.S.C. § 271(a), induced infringement pursuant to 35 U.S.C. § 271(b), or contributory infringement pursuant to 35 U.S.C. § 271(c). (ECF No. 7-1 at 9.)

8. The defendants argue further that even if a claim for direct infringement could be construed from the complaint, the plaintiffs fail to specifically allege how the defendants' product infringes the scope of the design set forth in the Design Patent. (*Id.* at 10–11.) In addition, the defendants argue that even if a claim for induced infringement could be construed from the complaint, the plaintiffs fail to allege who other than the defendants specifically committed an underlying act of direct infringement, that the defendants displayed a specific intent to induce others to infringe, or that the defendants were aware that the Design Patent had been issued. (*Id.* at 11–13.) Also, the defendants argue that even if a claim for contributory infringement could be construed from the complaint, the plaintiffs fail to allege who other than the defendants specifically committed an underlying act of direct infringement, that the defendants knew that the

Design Patent had been issued, or that the defendants knew that the accused product was especially made to infringe the Design Patent. (*Id.* at 13–14.)

**9.** The defendants also argue that if the Court dismisses the Sole Patent Count, then the Court should decline to exercise jurisdiction over the State Law Counts. (*Id.* at 14–15.) Indeed, a district court is authorized to decline the exercise of supplemental jurisdiction over state law claims when all of the federal claims in an action have been dismissed and diversity jurisdiction is lacking. *See* 28 U.S.C. § 1367(c)(3).

**10.** The Court finds the plaintiffs' complaint to be undoubtedly problematic. For instance, the plaintiffs failed to provide the Court with a copy of the Design Patent to enable the Court to compare the claims in the Design Patent with the defendants' allegedly infringing product, or to ascertain whether the plaintiffs' allegations accurately reflect the claims in the Design Patent. In addition, the plaintiffs do not specifically pinpoint which aspects of the defendants' product infringe upon which claims contained in the Design Patent. Also, as set forth above, the complaint contains allegations that either are phrased in an unclear manner or seem to be against a non-existent party, *i.e.*, Digital Time.

**11.** Furthermore, the Sole Patent Count fails to put the defendants on notice as to whether the plaintiffs are proceeding under the theories of direct infringement, induced infringement, or contributory infringement, or whether they intend to proceed under one infringement theory against all of the defendants or different infringement theories against different defendants. *See In re Bill of Lading Transmission & Processing Sys,*

*Patent Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012) (holding that direct infringement, induced infringement, and contributory infringement are "distinct concepts, with distinct standards" that must be pleaded separately); *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004) (holding that a claim for induced or contributory infringement must allege a specific underlying act of direct infringement); *Zoetis LLC v. Roadrunner Pharmacy, Inc.*, No. 15-3193, 2016 WL 755622, at *4 (D.N.J. Feb. 25, 2016) (holding that "combining what amounts to three separate [types of patent] claims into one count results in a muddled pleading," which would inevitably lead a district court to address that one count in "a similarly muddled opinion").

**12.** The plaintiffs acknowledge that it would have been appropriate to file an amended complaint at this juncture. (ECF No. 8 at 10 (the plaintiffs acknowledging that they could "promptly submit more specific pleadings as relates to any questions raised by defendants' [*sic*] in their motion relating to the violation of the Design Patent," and stating that "[t]his is certainly not a matter where the grant of Plaintiff's [*sic*] motion to amend would be inequitable or futile").) Regrettably, the plaintiffs did not actually cross-move to amend their complaint. In any event, any attempts by the plaintiffs to arguably clarify or expand upon the allegations of the complaint in their brief in opposition to the motion to dismiss are inappropriate. *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (noting that it "is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss" (citation and quotation

marks omitted)); *see also Scott v. Cohen*, 528 F. App'x 150, 152 (3d Cir. 2013) (holding that a complaint may not be amended by the briefs in opposition to a motion to dismiss).

**13.** The Court does not have the benefit of a straightforward complaint to refer to in determining whether claims under a particular theory of federal patent law have been stated against particular defendants. *See Japhet v. Francis E. Parker Mem'l Home, Inc.*, No. 14-1206, 2014 WL 3809173, at *2 (D.N.J. July 31, 2014) (holding that "as currently constructed, it is impossible for this Court to read the Complaint and have any idea what [one of the two defendants] did to get named in this lawsuit, let alone what she did that would make her plausibly liable for the misconduct alleged" (citation and quotation marks omitted)).

**14.** The plaintiffs have failed to assert sufficient allegations in the complaint to put the defendants on fair notice as to what kind of patent claim is being asserted against each defendant individually. As a result, the plaintiffs have failed to abide by the Federal Rules of Civil Procedure and the Local Civil Rules pertaining to the proper manner in which to articulate a claim. *See, e.g.*, Fed. R. Civ. P. 8(a), 8(d), 10(a)–(c); *see also Telebrands Corp. v. Everstar Merch. Co., Ltd.*, No. 17-2878, 2018 WL 585765, at *4 (D.N.J. Jan. 29, 2018) (holding that patent infringement claims are subject to the pleading standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *Robern, Inc. v. Glasscrafters Inc.*, 206 F. Supp. 3d 1005, 1009–11 (D.N.J. 2016) (holding the same). However, in the interests of justice, the Court will grant the plaintiffs the opportunity to remedy this failure. *See Phillips v. Cty. of*

*Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (holding that if a complaint is vulnerable to dismissal under Rule 12(b)(6), then a district court must permit a curative amendment, unless such an amendment would be inequitable or futile).

**15.** Therefore, the Court grants the defendants' motion to dismiss, and directs the plaintiffs to file an amended complaint by April 19, 2018. Furthermore, the plaintiffs are to file the amended complaint without moving for leave to do so before the Magistrate Judge. For the amended complaint, the plaintiffs are directed to:

(a) include a copy of the Design Patent issued by the USPTO as an exhibit;

(b) allege the specific theory of patent infringement, *i.e.*, direct, induced, or contributory infringement, that they are proceeding under against each defendant specifically, *i.e.*, Cody Schmidt, Kevin Schmidt, or Speed Razor LLC; and

(c) ensure that their allegations are clear, free of typographical and grammatical errors, and free of any assertions against non-existent parties.

For good cause shown:

IT IS THEREFORE on this  6th  day of April, 2018, **ORDERED** that the defendants' motion to dismiss the complaint **(ECF No. 7)** is granted; and it is further

**ORDERED** that the complaint is dismissed without prejudice; and it is further

**ORDERED** that the plaintiffs are directed to file an amended complaint by **APRIL 19, 2018**; and it is further

**ORDERED** that all of the parties will otherwise refrain from filing any dispositive motions until the plaintiffs have filed an amended complaint; and it is further

**ORDERED** that the action will be dismissed *with prejudice* if the plaintiffs fail to file an amended complaint by April 19, 2018; and it is further

**ORDERED** that this action will remain open until further order of the Court.

**JOSE L. LINARES**
Chief Judge, United States District Court